IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
ENTERED

APR - 1 2005

Michael N. Milby, Clerk

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| VS. | § | CRIMINAL NO. G-01-12(02) |
| | § | |
| SABERIO CHRISTOPHER CRUZ | § | |

## REPORT AND RECOMMENDATION

Before the Court is a letter dated March 17, 2005, from Saberio Christopher Cruz, one of the named Defendants in the above-styled and numbered cause. Cruz is presently serving a sentence of 204 months at the Federal Correctional Complex in Beaumont, Texas. The sentence was imposed upon him by the District Court on December 19, 2002, following Cruz' guilty plea to a drug trafficking charge. As a result of the Government's § 5.K motion, the sentence was 88 months below the 292 month minimum guidelines sentence for Cruz' Base Level 40 offense. Having reviewed Cruz' letter, the Court will construe it as a motion for modification of his sentence under 18 U.S.C. § 3582.[1]

In his motion, Cruz asks the Court to amend his sentence by reducing it by 46 months and 17 days, thereby giving him credit for time served in state custody on an "undischarged term of imprisonment" for offenses fully taken into account in the determination of his offense level at the time of his sentencing in this case. According to Cruz, after he was transferred to the Bureau of Prisons on November 12, 2003, following the completion of his state court sentence, he "found

---

[1] The Court has chosen to treat Cruz' letter as a Motion under 18 U.S.C. § 3582, rather than a Habeas Petition under either 28 U.S.C. §§ 2241 or 2255. This election was made to avoid creating an additional impediment to any initial habeas relief Cruz might pursue in the future. See Castro v. United States, ___ U.S. ___, 157 L.Ed. 2d 778 (2004)

out" that he would not be given credit for the time he had served in state custody following the imposition of his federal sentence, despite the fact that the District Court ordered his federal sentence to run concurrently. Apparently, Cruz believes he was entitled to a downward adjustment which the District Court neglected to consider when it calculated his sentence under the appropriate sentencing guidelines. See U.S.S.G. § 5G1.3(b)

Cruz has no standing to pursue the instant motion; a motion for modification of a sentence under § 3582(c) may only be brought by the Director the Bureau of Prisons or the United States Attorney. However, even if the Court could reach the merits of Cruz' motion, the transcript of Cruz' sentencing defeats his claim. At sentencing, Cruz, through this counsel, specifically brought this issue to the attention of the District Court and the Court denied his request electing, instead, to defer to the Bureau of Prisons and its credit calculations. (Instrument 154 pp. 6-7) Cruz' position is further undercut by the fact that the mandatory nature of the sentencing guidelines was recently declared unconstitutional, see United States v. Booker, ___ U.S. ___, 125 S.Ct. 738 (2005); therefore, any liberty interest Cruz may arguably have had to an adjustment no longer exists. Of course, Cruz has the right to pursue any administrative remedies through the Office of the Attorney General. United States v. Mathis, 689 F.2d 1364, 1365 (11th Cir. 1982)

For the foregoing reasons, it is the **RECOMMENDATION** of this Court that the motion of Saberio Christopher Cruz, for modification of his sentence (Instrument no. 157), be **DENIED**.

The Clerk **SHALL** send copies of this Report and Recommendation to the Defendant. Defendant **SHALL** have until **April 29, 2005**, in which to have written objections, filed pursuant to 28 U.S.C. § 636(b)(1)(C), **physically on file** in the Office of the Clerk. The

Objections **SHALL** be mailed to the United States District Clerk, P.O. Box 2300 Galveston, Texas 77553. **Any Objections filed SHALL be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge"**, which will then be forwarded to the District Judge for consideration. Failure to file written objections within the prescribed time **SHALL** bar the aggrieved party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this _____1st_____ day of April, 2005.

_____
JOHN R. FROESCHNER
UNITED STATES MAGISTRATE JUDGE